Follett, J.
Appeal from a judgment entered upon a decision of the special term, made on the trial of the action, dismissing the complaint upon the ground that it does not state a cause of action.
Section 28 of chapter 140, Laws of 1850 (the general railroad act), as amended by section 2 of chapter 133 of the Laws or 1880, authorizes every corporation incorporated under that act:
“5. To construct their road across, along or upon any * * * street, highway, plank-road, turnpike * * * which the route of its road shall intersect or touch, but the company shall restore the * * * street, highway, plank- *217 road and turnpike thus intersected or touched, to its former state, or to such state as not unnecessarily to have impaired its usefulness * * * . Nothing in this act contained shall be construed * * * to authorize any such railroad company to construct its road upon and along any highway, without the" order of the supreme court of the judicial district in which said highway is situated, made at a special term of said court, after at least ten days notice in writing of the intention to make application for said order shall have been given to the commissioners of highways of the town in which the said highway is situated.” The amendment of this subdivision in 1887, chapter 724, does not affect the question involved in the case.
It is alleged in the complaint that the defendant is incorporated under the general railroad act, the acts amendatory thereof and supplementary thereto; that in 1880, 1881 and 1882 it constructed its road on and along two of the highways of the town of Herkimer without having first obtained authority; and having so constructed its road that it has failed to restore said highways to their former state of usefulness, to the great damage of the plaintiff; compelling him and his predecessors in office to expend money in the reparation of the said highways. A judgment for damages is demanded and that defendant be required to forthwith restore said highways to their former condition of usefulness.
It was not claimed at the trial that a wrong which may be redressed in the courts was not stated in the complaint, but that the wrong stated could only be redressed by mandamus, upon which ground the complaint was dismissed.
Chapter 255 of the Laws of 1855 provides:
“Section 1. The commissioner or commissioners of highways in each of the towns of this state are hereby empowered to bring any action against any railroad corporation that may be necessary or proper to sustain the rights of the public in and to any highway in such town, and to enforce the peformance of any duty enjoined upon any railroad corporation in relation to any highway in the town of which they are commissioners, and to maintain an action for damages or expenses which any town may sustain or may have sustained, or may be put to or may have been put to, in consequence of any act or omission of any such corporation in violation of any law in relation to such highway.
“§ 2. Nothing in this act shall be construed as in any manner impairing the right of any person or officer to bring any action now authorized by law.
“§ 3. This act shall take effect immediately.”
*218 This act gives this plaintiff a remedy by action for the wiongs stated in the complaint, and the court erred in dismissing the complaint.
The judgment is reversed and a new trial granted, with costs to abide the event.
Martin, J., concurs. Hardin, P. J., concurs in the fol* lowing memorandum: